FILED
DISTRICT COURT OF GUAM

SEP - 2 2003

MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 94-00013 |
| | Civil Case No. 03-00011 |
| Plaintiff-Respondent, | |
| vs. | **ORDER** |
| FRANK ROSS PERONA TOVES, | |
| Defendant-Petitioner. | |

This matter is before the Court on the defendant-petitioner's ("defendant") motion to set aside, correct or vacate his sentence pursuant to 28 U.S.C. § 2255. The defendant states that his sentence was erroneously calculated. Pursuant to a plea agreement the sentence he received was to run concurrently with a federal probation violation sentence imposed in Criminal Case No. 92-00073. Based upon relevant authority, the Court hereby DENIES the defendant's motion.

## I. BACKGROUND

On February 3, 1993, the defendant entered into a plea agreement pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure. On February 11, 1994, the defendant waived indictment and entered a guilty plea to an information which charged him with interference with commerce by threats and violence, Hobbs Act of Conspiracy (count I), in violation of 18 U.S.C. § 1951, and felon with a firearm (count II), in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).[1]

---

[1] At that time, the defendant was still on probation in U.S. v. Frank Ross Perona Toves, District Court of Guam Criminal Case No. 92-00073.

1        On May 27, 1994, the Court conducted a Rule 11 hearing, and finding that the plea had been

2 freely and voluntarily made and that the defendant had a full understanding of the charge and

3 consequences of the plea, the plea was entered. The Court then proceeded to sentence the defendant

4 to 105 months of imprisonment, 36 months of supervised release, and imposed a $100 special

5 assessment fee.

6        On June 2, 1994, the revocation sentencing hearing in <u>U.S. v. Frank Ross Perona Toves,</u>

7 Criminal Case No. 92-00073 ("Criminal Case No. 92-00073") came before the Court. Instead of

8 following the sentencing recommendation as set forth in the plea agreement in <u>U.S. v. Frank Ross</u>

9 <u>Perona Toves</u>, Criminal Case No. 94-00013 ("Criminal Case No. 94-00013"), that the sentence run

10 concurrently with the one the defendant received in Criminal Case No. 94-00013, the Court ordered

11 the defendant to serve a term of imprisonment of 18 months to run consecutive to the sentence.[2]

12        **II. DISCUSSION**

13        A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255 by

14 demonstrating "that the sentence was imposed in violation of the Constitution or laws of the United

15 States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

16 in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

17 § 2255. Pursuant to § 2255 the defendant argues that his sentence was erroneously calculated.

18 Specifically, he argues that under the plea agreement he entered in Criminal Case No. 94-00013 his

19 sentence was to run concurrently with any federal probation violation sentence he was to receive in

20 Criminal Case No. 92-00073.

21        In 1994, when the defendant was sentenced, there was no time limit within which he could

22 file a motion under § 2255. <u>See</u> 28 U.S.C. § 2255 (1994) ("A motion for such ruling can be brought

23 at any time."). However, in 1996, the Antiterrorism and Effective Death Penalty Act of 1996

24 ("AEDPA") was enacted. Under the AEDPA, federal prisoners are required to bring a collateral

25

26

27       [2]In paragraph 5 of the plea agreement the parties recommended that it was appropriate that the new sentence imposed be served with any probation revocation sentence and, if allowed by law, concurrently with any related Superior Court of Guam sentence. <u>U.S. v. Frank Ross Perona Toves</u>, District Court of Guam Criminal Case No. 94-00013,

28 Docket No. 3.

1 attack under section 2255 within one year of the date their conviction becomes final. United States
2 v. Shwartz, 274 F.3d 1220, 1222-23 (9th Cir. 2001). For those defendants whose conviction became
3 final before the AEDPA effective date of April 24, 1996, they are given a one-year grace period in
4 which to file their § 2255. Id. For example, in order to comply with the applicable statute of
5 limitations, the defendant would have needed to file his § 2255 by April 24, 1997.[3] However, the
6 defendant filed his motion March 31, 2003.

7      While there are sometimes circumstances that act to "equitably toll" the time limitations, it
8 is generally when "extraordinary circumstances beyond a prisoner's control make it impossible to
9 file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir 1999) (citations omitted). The
10 defendant has not pointed to any extraordinary circumstances beyond his control that made it
11 impossible for him to file his motion within the appropriate time period. The defendant here states
12 that he only recently became aware of the issue when he sought information to determine why his
13 release date was not more imminent. Further he states that the substitution of counsel may have
14 contributed to the problem. The Court finds the defendant's arguments unpersuasive. Even
15 assuming that the defendant was entitled to equitable tolling under the circumstances, the defendant
16 would still be without relief.

17      The plea agreement negotiated between the government and the defendant was made
18 pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure ("type (B) plea"). Under
19 the rule, the prosecution agrees to either make a sentencing recommendation, or not to challenge the
20 defendant's request for a particular sentence, with the understanding that such a recommendation is
21 "not binding on the court." Fed.R.Crim.P. 11(e)(1)(B); see also United States v. Graibe, 946 F.2d
22 1428, 1432 (9th Cir.1991). In the colloquy between the Court and the defendant at the change of plea
23 proceeding, it was made clear to the defendant that the recommendation in the plea agreement did

24

25

26

---

27     [3]Here, the defendant did not file a direct appeal in Criminal Case No. 94-00013. Thus, his conviction became final, at the latest on June 12, 1994, which was 10 days after June 2, 1994, the date his judgment was entered on the docket. The defendant's revocation sentence in Criminal Case No. 92-00073 became final on June 26, 1994, when his
28 time to file a notice of appeal from the June 16, 1994 Memorandum Order expired.

- 3 -

not bind the Court .[4] The defendant indicated that he fully understood this fact. Additionally, the Court told the defendant that he could not withdraw from the plea agreement if he was unhappy with the Court's sentencing decision.

> Q. [THE COURT]: Do you understand that if I do not accept the sentencing recommendation in your plea agreement, you will still be bound by your plea and you'll have no right to withdraw it?
>
> A. [THE DEFENDANT]: Yes, your Honor.[5]

Moreover, the Court notes that on June 1, 1994, after the defendant had been sentenced in Criminal Case No. 94-00013, the parties stipulated that the revocation sentence was to be served consecutively.[6] The parties agreed that the defendant would serve the low end of the range of 18 to 24 months pursuant to the U.S. Sentencing Guidelines. While the Court was inclined to impose the maximum sentence of 24 months, the Court accepted the stipulation reached by the parties and sentenced the defendant to 18 months to run consecutive to the sentence previously imposed.[7] Furthermore, section 7B1.3(f) of the Sentencing Guidelines states:

> Any term of imprisonment upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S. Sentencing Guidelines Manual §7B1.3(f) (1993).

Accordingly, the motion and record of the case conclusively show that the defendant is entitled to no relief. The motion was untimely filed. In addition, the sentence imposed was in

---

[4]United States v. Frank Ross Perona Toves, Case No. CR04-00013, Government's Answer to Defendant's Motion to Vacate, Set Aside, or Correct Sentence, Exhibit J, Change of Plea Hearing Transcript (February 11, 1994), pages 12-13.

[5]Id.

[6]In paragraph 9 of the Joint Stipulation the parties agree that "[p]ursuant to Section 7B1.3(f), the term of imprisonment imposed upon this revocation of probation shall be served consecutively to the sentence in Criminal Case No 94-00013." Id., Exhibit E, Joint Stipulation Re Petition on Probation Violation (June 1, 1994), page 4, ¶ 9.

[7]Id., Exhibit F, Revocation Sentencing Hearing Transcript (June 2, 1994), pages 15-16.

THE COURT: The Court was inclined to impose the maximum, but in view of the fact that the stipulation has been received from both sides, the court will concur with the minimum.

- 4 -

accordance with the Sentencing Guidelines and the stipulation the parties entered into. It was the sentence for which the defendant bargained.

### III. CONCLUSION

For the foregoing reasons, the Court denies the defendant's motion to vacate, set aside, or correct sentences on the basis of an erroneous sentence.

SO ORDERED this 2nd day of September, 2003.

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on 9-2-03. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam

By Marilyn B. Alcon 9-2-03
Deputy Clerk          Date